# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

JAMES BERNARD HOLTS                        CIVIL ACTION

VERSUS                                     NO. 12-2993

N. BURL CAIN, WARDEN                       SECTION "G"(5)

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, the Court has determined that a federal evidentiary hearing is unnecessary.  <u>See</u> 28 U.S.C. §2254(e)(2).[1] For the following reasons, the Court recommends that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE.**

---

[1] Under 28 U.S.C. §2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. §2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. §2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. §2254(e)(2)(B).

I.    FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, James Bernard Holts, is a convicted inmate currently incarcerated in the Louisiana State Penitentiary, Angola, Louisiana.   On January 13, 2009, Holts was charged by bill of information in St. Tammany Parish with forcible rape in violation of LSA-R.S. 14:42.1.[2]  The Louisiana First Circuit Court of Appeal summarized the facts of the case as follows:

> In November 2008, the defendant was renting a room from Charlie English, Jr., at his Slidell, Louisiana residence.  Prior to the night in question, English made arrangements to have Amy Evers, a family acquaintance, as his house guest.  Evers brought her child and K.B., a female friend, with her for the visit.  During the visit, on or about November 10th, K.B. awakened English and Evers in the middle of the night as she screamed and stated that the defendant had raped her.  According to the victim, the offense included a physical struggle wherein the defendant put his hand around her neck and covered her mouth with his other hand resulting in red marks on K.B.'s neck.  The victim punched the defendant in the mouth, he removed his hand from her mouth, and she then began to scream for help.  English called for emergency assistance, and officers of the St. Tammany Parish Sheriff's Office were dispatched to the scene. Shortly after the police arrived, the defendant was taken into custody.

State v. Holts, 56 So.3d 465 (Table), 2010 WL 4272872, at *1 (La. App. 1st Cir. 10/29/10).   St. Rec. Vol. 4 of 5.

On October 12, 2009, trial commenced before a jury in the Twenty-Second Judicial District Court of the Parish of St. Tammany,

_____

[2]St. Rec. Vol. 1 of 5, p. 30.

State of Louisiana.[3]  On October 15, 2009, Holts was found guilty as charged.[4]  On November 30, 2009, the trial court sentenced Holts to 20 years imprisonment with credit for time served and with the first two years to be served without benefit of probation, parole or suspension of sentence.[5]  On January 21, 2010, Holts was adjudicated to be a fourth felony offender.  The Court vacated its earlier sentence and resentenced Holts to life imprisonment without benefit of parole, probation or suspension of sentence.[6]

On October 29, 2010, pursuant to Holts' appeal, the Louisiana First Circuit Court of Appeal affirmed Holts' conviction, habitual offender adjudication and sentence.[7]  On May 6, 2011, the Louisiana Supreme Court denied Holts' writ application.[8]

Holts' conviction became final 90 days later, on August 4, 2011, when he did not file a writ application with the United States Supreme Court.  Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28

---

[3]St. Rec. Vol. 1 of 5, p. 191.

[4]St. Rec. Vol. 3 of 5, p. 685.

[5]Id. at p. 690.

[6]Id. at pp. 696, 716.

[7]State v. Holts, 56 So.3d 465 (Table), 2010 WL 4272872 (La. App. 1st Cir. 10/29/10).  St. Rec. Vol. 4 of 5.

[8]State v. Holts, 62 So.3d 125 (La. 2011).

3

U.S.C. § 2244(d)(1)(A)), <u>cert</u>. <u>denied</u>, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1).

On or about September 21, 2011, Holts filed with the state district court an application for post conviction relief.[9]  On September 27, 2011, the state district court denied relief.[10]  On December 19, 2011, the Louisiana First Circuit Court of Appeal likewise denied Holts post-conviction relief.[11]  On August 22, 2012, the Louisiana Supreme Court denied Holts's writ application.[12]

II.  <u>FEDERAL HABEAS PETITION</u>

On December 18, 2012, Holts filed the instant petition for federal habeas corpus relief asserting that he received ineffective assistance of counsel. The claims supporting Holts' ineffectiveness claim are difficult to discern, although they are more succinctly stated in Holts' "Traverse to District Attorney" (Rec. doc. 14). As best the Court can interpret, Holts asserts that trial counsel was ineffective because counsel:

1. failed to amend the motion to suppress evidence[13]

---

[9]St. Rec. Vol. 4 of 5.

[10]<u>Id</u>.

[11]<u>State v. Holts</u>, No. 2011-KW-1869 (La. App. 1st Cir. 12/19/11). St. Rec. Vol. 5 of 5.

[12]<u>State ex rel. Holts v. State</u>, 97 So.3d 363 (La. 2012). St. Rec. Vol. 5 of 5

[13]The Court notes that Holt has failed to indicate the manner in which he feels the motion should have been amended or why.

4

2.  failed to challenge the accuracy of the testimony of
the victim/witnesses

3.  failed to assert that the affidavit behind the search
warrant was false/misleading

4.  withdrew the motion for preliminary hearing

5.  failed to "properly submit the motion for preliminary
hearing ... to impeach" the testimony of the
victim/witnesses[14]

Reduced to their lowest common denominator, Holts' assertions
appear to be based upon alleged discrepancies between the testimony
provided by both the victim and Amy Evers and the affidavits of
Officers Scott Daussin and Stacey Callendar.  He also takes issue
with the search warrant affidavit which resulted in the
confiscation of his clothing and the obtaining of a DNA swab from
him.

Holts additionally complains that appellate counsel was
ineffective in presenting "a moot claim on direct appeal," in
failing to argue that he "was deprived [of] the right to counsel as
requested during interrogation,"[15] and in failing "to object to the

---

[14]As to items 4 and 5, the Court notes that Holts fails to suggest
what prejudice arose from the withdrawal of the motion for preliminary
hearing or the failure to utilize testimony from that hearing to
impeach trial witnesses.

[15]Rec. Doc. No. 1, p. 35.

comment by the victim that the defendant had told her that 'he'll kill her.'"[16]

In its response, the State concedes that Holts' petition is timely and that he has exhausted his state court remedies.[17]

III. <u>GENERAL STANDARDS OF REVIEW</u>

The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. §2254. The AEDPA went into effect on April 24, 1996[18] and applies to habeas petitions filed after that date. <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998) (citing <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997)). The AEDPA therefore applies to Holts's petition.

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; <u>i.e.</u>, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. <u>Nobles v. Johnson</u>, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

---

[16]<u>Id</u>. at p. 55.

[17]Rec. Doc. No. 12, pp. 3 and 5.

[18]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. <u>United States v. Sherrod</u>, 964 F.2d 1501, 1505 (5th Cir. 1992).

The State concedes and the Court finds that Holts has overcome the above hurdles.   The instant action is timely and Holts has exhausted his state court remedies.

IV.   <u>STANDARDS OF MERITS REVIEW</u>

28 U.S.C. §§2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law in federal habeas corpus proceedings.  <u>Nobles</u>, 127 F.3d at 419-20 (citing 28 U.S.C. § 2254(b) and (c)).

Determinations of questions of fact by the state court are "presumed to be correct . . . and we will give deference to the state court's decision unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"  <u>Hill v. Johnson</u>, 210 F.3d 481, 485 (5th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(2)).   The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption.  28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. § 2254(d)(1) and receive deference, unless the state court's decision "'was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent.]'"  <u>Penry v. Johnson</u>, 215 F.3d 504, 507 (5th Cir. 2000) (quoting <u>Miller v. Johnson</u>, 200 F.3d

274, 280-81 (5th Cir. 2000)), <u>aff'd in part, rev'd in part on</u> <u>other grounds</u>, 532 U.S. 782 (2001); <u>Hill</u>, 210 F.3d at 485.   The United States Supreme Court has clarified the Section 2254(d)(1) standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.   Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

<u>Williams v. Taylor</u>, 529 U.S. 362, 405-06, 412-13 (2000); <u>accord</u> <u>Penry</u>, 532 U.S. at 792-93; <u>Hill</u>, 210 F.3d at 485.   "'A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [a Supreme Court case] incorrectly.'"   <u>Price v. Vincent</u>, 538 U.S. 634, 641 (2003) (quoting <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24-25 (2002)) (brackets in original); <u>accord Bell v. Cone</u>, 535 U.S. 685, 699 (2002).   Rather, under the "unreasonable application" standard, "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable."   <u>Neal</u> <u>v. Puckett</u>, 286 F.3d 230, 246 (5th Cir. 2002).   The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner.

Price, 538 U.S. at 641 (citing Woodford, 537 U.S. at 24-25); Wright
v. Quarterman, 470 F.3d 581, 585 (5th Cir. 2006).

V.   INEFFECTIVE ASSISTANCE OF COUNSEL

Holts complains that he did not receive effective assistance
of trial counsel in connection with a pretrial motion to suppress
and that counsel erroneously waived the motion for preliminary
hearing.  Holts' complaint appears to be based upon alleged
discrepancies between the testimony and statements provided by both
the victim and Amy Evers and the affidavits by Officers Scott
Daussin and Stacey Callendar.

Holts complains that appellate counsel was ineffective in
presenting "a moot claim on direct appeal," in failing to argue
that he "was deprived [of] the right to counsel as requested during
interrogation,"[19] and in failing "to object to the comment by the
victim that the defendant had told her that 'he'll kill her.'"[20]

The issue of ineffective assistance of counsel is a mixed
question of law and fact.  Clark v. Thaler, 673 F.3d 410, 416 (5th
Cir. 2012); Woodfox v. Cain, 609 F.3d 774, 789 (5th Cir. 2010).
Thus, the question before this Court is whether the state courts'
denial of relief was contrary to or an unreasonable application of
United States Supreme Court precedent.

---

[19]Rec. Doc. No. 1, p. 35.

[20]Id. at p. 55.

9

The standard for judging performance of counsel was established by the United States Supreme Court in Strickland, in which the Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel, requiring petitioner to prove both deficient performance and resulting prejudice. Strickland, 466 U.S. at 697.  The Supreme Court first held that "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88.  Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

In deciding ineffective assistance of counsel claims, this Court need not address both prongs of the conjunctive Strickland standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test. Kimler, 167 F.3d at 893.  A habeas corpus petitioner "need not show that 'counsel's deficient conduct more likely than not altered the outcome in the case.' . . . But it is not enough under Strickland, 'that the errors had some conceivable effect on the outcome of the proceeding.'" (citation omitted) Motley v. Collins, 18 F.3d 1223, 1226 (5th Cir. 1994) (quoting Strickland, 466 U.S. at 693); Harrington v. Richter, 131 S.Ct. 770, 792 (2011) (Strickland

requires a "substantial" likelihood of a different result, not just "conceivable" one.)

On federal habeas review, scrutiny of counsel's performance "must be highly deferential," and the Court will "indulge a strong presumption that strategic or tactical decisions made after an adequate investigation fall within the wide range of objectively reasonable professional assistance." Moore v. Johnson, 194 F.3d 586, 591 (5th Cir. 1999) (citing Strickland, 466 U.S. at 689-90). In assessing counsel's performance, a federal habeas court must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time of trial. Strickland, 466 U.S. at 689; Neal v. Puckett, 286 F.3d at 236-37; Clark v. Johnson, 227 F.3d 273, 282-83 (5th Cir. 2000), cert. denied, 531 U.S. 1167 (2001).

On habeas review, the United States Supreme Court has recently clarified that, under Strickland, "[t]he question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." Harrington, 131 S.Ct. at 788. The Harrington Court went on to recognize the high level of deference owed to a state court's findings under Strickland in light of the AEDPA:

> The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so. The Strickland standard is

a general one, so the range of reasonable applications is substantial.  Federal habeas courts must guard against the danger of equating unreasonableness under <u>Strickland</u> with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied <u>Strickland</u>'s deferential standard.

Thus, scrutiny of counsel's performance under §2254(d) is "doubly deferential." <u>Cullen</u>, 131 S. Ct. at 1403 (quoting <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009)).  Federal courts have consistently recognized that tactical decisions when supported by the circumstances are objectively reasonable and do not amount to unconstitutionally deficient performance.  <u>Lamb v. Johnson</u>, 179 F.3d 352, 358 (5th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1013 (1999) (citing <u>Rector</u>, 120 F.3d at 564) and <u>Mann v. Scott</u>, 41 F.3d 968, 983-84 (5th Cir. 1994)).  Federal habeas courts presume that trial strategy is objectively reasonable unless clearly proven otherwise. <u>Strickland</u>, 466 U.S. at 689; <u>Moore</u>, 194 F.3d at 591.  The burden is on petitioner to demonstrate that counsel's strategy was constitutionally deficient.  <u>Id</u>

A.  <u>TRIAL COUNSEL</u>

As Holts repeatedly claims in his supporting memorandum, he takes issue with the testimony of Amy Evers and with the affidavits of Officers Scott Daussin and Stacey Callendar.  Holts' ineffectiveness claim arises from trial counsel's failure to note these falsities/discrepancies.

12

Holts points to the following testimony of witness, Amy Evers.

Q.   Now, at any point, I will back up a little bit, at
any point earlier in the evening did you and Mr. Holts
have any conversations regarding whether or not you would
be offended or had a problem . . . if he had any kind of
sexual relations with Ms. Brashear, did that discussion
ever take place?
A.   No, sir.
Q.   Did you have any discussions about that at all?
A.   About him and Kendra?  No, sir.[21]

In contrast, Officer Daussin, in his affidavit, attested that Holts

asked Evers "if her friend [Brashear] would . . . mind having

sex."[22]

Holts also notes the following testimony from Evers.

Q.   So, the moment you heard the first sound from her
[the victim] you ran out of the bedroom?
A.   Yes, sir.
                        ****
Q.   Now, you testified earlier that when you saw that at
first you really were not sure what was going on, right?
A.   Yes, sir.
Q.   And he was getting up and I think you said he kind of
held his pants in front or whatever?
A.   Yes, sir.
Q.   And that your reaction was, you and  - - you didn't
really know what was going on and you and Kendra then
went to Mr. English's room?
A.   I just knew that, I didn't know what exactly was
happening, I just know [sic] my best friend was
hysterical, upset bad.[23]

---

[21]St. Rec. Vol. 3 of 5, p. 585.  Rec. Doc. No. 1, p. 26.

[22]St. Rec. Vol. 4 of 5.

[23]St. Rec. Vol. 3 of 5, pp. 585 and 586.  Rec. Doc. No. 1, pp.
26-27.

In contrast, Officer Callendar, in her affidavit, attested that "Evers walked into the living [room] and observed Holts on top of Brashear strangling her and heard him state, 'I will kill you' to Brashear."[24]  Holts argues that Callendar was not at the scene of the incident and did not thoroughly investigate before signing the affidavit.

The contradictions between Evers's testimony and the officers' affidavits are insignificant.  Any arguments based upon such minor discrepancies would have been futile.  Counsel cannot be ineffective for failing to pursue a futile course of action. United States v. Manley, 2011 WL 2259761, *3 (E.D. Pa. 2011); see Lindsey v. Cain, 267 Fed. Appx. 374, *1 (5th Cir. 2008) (counsel is not ineffective by failing to raise frivolous or futile claims) (citing Johnson v. Cockrell, 306 F.3d 249, 255 (5th Cir. 2002)). Additionally, when Callendar sought a search warrant, she was involved in a rape investigation and was seeking obvious evidence like a DNA sample and Holts' clothing for comparison with forensic evidence obtained from the victim.  Clothing is subject to seizure on arrest under any circumstances. Further, there was a complaining witness whose claim needed to be addressed.  The Court sees nothing inappropriate in Callendar's behavior.

---

[24]St. Rec. Vol. 4 of 5.

As to Holts' other allegations of ineffective assistance of trial counsel, he sets forth no discernable prejudice regarding the withdrawal of the motion for preliminary hearing or the failure to utilize testimony from that proceeding for impeachment purposes at trial.  The Court is left to speculate as to how Holts was harmed.

B.   <u>APPELLATE COUNSEL</u>

Holts claims that appellate counsel was ineffective in challenging the voluntariness of his statement to police since the State did not introduce Holts' statement at trial.  In its opinion, the Louisiana First Circuit observed that the issue was moot since the State did not introduced Holts' statement into evidence nor was the statement mentioned during opening or closing arguments.  <u>Holts</u>, 2010 WL 4272872, at *2.

Additionally, Holts makes no showing as to how he was prejudiced by counsel's action.  The state appellate court merely noted that the argument was moot and proceeded to address counsel's remaining arguments.  Holts has failed to make a showing of prejudice as required under <u>Strickland</u>.

Holts claims that counsel was ineffective in failing to raise on appeal the argument that he was deprived of counsel during his interrogation.  A review of the Louisiana First Circuit's opinion reflects that Holts's claim is without merit as counsel did raise said argument.

> [T]he defendant challenges the trial court's ruling on
> his motion to suppress.  The defendant specifically
> contends that he requested an attorney before answering
> law enforcement questions and surrendering his clothing.
> The defendant further contends that the interrogating
> officers ignored his request for an attorney, continued
> to interrogate him, and convinced him to sign a waiver
> form by leading him to believe that it would facilitate
> his request for an attorney. The defendant argues that
> his request for an attorney was clear and that additional
> police questioning and inquiries should have ceased.

Holts, 2010 WL 4272872, at *1.

Given the fact that the appellate court upheld the trial court's denial of Holts' motion to suppress, counsel's argument was unsuccessful.  However, the fact that counsel's efforts failed to persuade the appellate court, does not render counsel's performance ineffective in the Sixth Amendment sense.  See Baker v. United States, 2011 WL 3841690, *13 (E.D. Va. 2011) ("record shows . . . counsel effectively advocated on petitioner's behalf . . . [t]hus, counsel's actions were effective notwithstanding their lack of success.").

Holts also complains that appellate counsel was ineffective in failing to object to the victim's statement that Holts had threatened to kill her.  According to Holts, if counsel had performed a proper investigation and discovered that the victim's statement "had never been confirmed in any pretrial motion or at

16

trial by Ms. Evers," he could have successfully challenged the admission of the statement.[25]

Holts' argument is meritless.  The fact that the victim's testimony was uncorroborated, does not make it inadmissible.  Under Louisiana law, absent a conflict with physical evidence, "one witness's testimony, if believed by the trier of fact, is sufficient to support a factual conclusion." State v. Singleton, 117 So.3d 306, 309 (La. App. 2nd Cir. 6/26/13) (citing State v. Higgins, 898 So.2d 1219 (La. 2005) (additional citation omitted).  It is not uncommon in sexual assault cases for the victim to be the sole witness testifying as to what transpired with the defendant.  State v. Authier, 92 So.3d 494, 500 (La. App. 2nd Cir. 4/25/12), writ denied, 99 So.3d. 662 (La. 2012) (victim was the sole witness to testify regarding sexual contact with defendant); State v. Ware, 959 So.2d 459, 462 (La. 2007) (victim provided only account of rape);  State v. Burnham, 942 So.2d 571, 577 (La. App. 2nd Cir. 10/11/06), writ denied, 958 So.2d 1186 (La. 1997) (same); State v. Handley, 686 So.2d 149, 154 (La. App. 1st Cir. 1996), writ denied, 695 So.2d 986 (La. 1997) (same).

There was no viable basis to object to the victim's testimony regarding what transpired between herself and Holts.  Specifically, there was no basis to object when the victim testified that Holts

---

[25]Rec. Doc. No. 1, p. 55.

had threatened to kill her.  Thus, appellate counsel was not deficient in failing to argue that the victim's uncorroborated testimony was inadmissible.  Holts has failed to satisfy his burden under Strickland.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that the petition of James Bernard Holts, for issuance of a writ of habeas corpus under 28 U.S.C. §2254 be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this   27th  day of September, 2013.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE