## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JAMES BERNARD HOLTS**                    **CIVIL ACTION**

**VERSUS**                                 **NO.  12-2993**

**N. BURL CAIN, WARDEN**                   **SECTION "G" (5)**

### ORDER AND REASONS

Before the Court are Petitioner James Bernard Holts's ("Petitioner") objections[1] to the September 27, 2013 Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Petitioner, a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, filed a petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2254.[3] Petitioner argues that both his trial counsel and appellate counsel were ineffective.[4] The Magistrate Judge recommends that the matter be dismissed with prejudice.[5]  Petitioner objects to some of the Magistrate Judge's findings and raises several additional issues.[6] After reviewing the petition, the Magistrate Judge's Report and Recommendation, the objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's recommendation and dismiss this action with prejudice.

---

[1] Rec. Docs. 16 and 17.

[2] Rec. Doc. 15.

[3] Rec. Doc. 1.

[4] *Id*.

[5] Rec. Doc. 15 at 18.

[6] Rec. Docs. 16 and 17.

# I. Background

## A. Factual Background

Petitioner was charged by bill of information in St. Tammany Parish on January 13, 2009, with forcible rape,[7] and his trial commenced on October 12, 2009.[8] On October 15, 2009, the jury found Petitioner guilty of forcible rape.[9] On November 30, 2009, the trial court sentenced Petitioner to twenty years imprisonment.[10] On January 31, 2010, Petitioner was adjudicated to be a fourth felony offender.[11] The trial court vacated its earlier sentence and resentenced Petitioner to life imprisonment without benefit of parole, probation or suspension of sentence.[12]

On October 29, 2010, the Louisiana First Circuit Court of Appeal affirmed Petitioner's conviction and sentence.[13] On May 6, 2011, the Louisiana Supreme Court denied Petitioner's writ of certiorari.[14] Petitioner's convictions became final on August 4, 2011, when he did not file a writ of certiorari with the United States Supreme Court.[15]

On September 21, 2011, Petitioner submitted an application for post-conviction relief to the

---

[7] State Rec. Vol. I of V, Felony Bill of Information at 30 (Jan. 13, 2009).

[8] State Rec. Vol. I of V, Trial Transcript at 191.

[9] State Rec. Vol. III of V, Trial Transcript at 685.

[10] State Rec. Vol. III of V at 690.

[11] State Rec. Vol. III of IV at 696, 716.

[12] *Id*. at 716.

[13] *State v. Holts*, 10-903 (La. App. 1 Cir. 10/29/10); 56 So. 3d 465. State Rec. Vol. IV of V.

[14] *State v. Holts*, 10-2667 (La. 5/6/11); 62 So. 3d 125.

[15] Petitioner's Louisiana Supreme Court application was denied May 6, 2011, and under *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), a judgment becomes final by the conclusion of direct review, which includes the time for filing a certiorari petition in accordance with 28 U.S.C. § 2244(d)(1)(A).

state trial court.[16] On September 27, 2011, the state trial court denied the application.[17] Petitioner's related writ application was then denied by the Louisiana First Circuit Court of Appeal on December 19, 2011,[18] and by the Louisiana Supreme Court on August 22, 2012.[19]

On or about December 18, 2012, Petitioner filed an application for federal *habeas corpus* relief.[20] Petitioner argued his trial counsel was ineffective because he: (1) failed to amend the motion to suppress evidence;[21] (2) failed to assert that the affidavit resulting in a search warrant was false or misleading;[22] (3) failed to challenge the accuracy of the testimony of the victim/witnesses;[23] (4) withdrew the motion for preliminary hearing; and (5) failed to use testimony from the Motion for Preliminary hearing to impeach the inconsistent testimony of the victim/witnesses.[24] Finally, Petitioner argued his appellate counsel was ineffective for: (1) raising a moot issue on appeal;[25] (2) failing to properly investigate the case and raise the issue that "trial counsel failed to object to the comment by the victim that the defendant had told her that 'he'll kill her;'"[26] and (3) failing to raise the issue that Petitioner was denied his right to counsel during police interrogations.[27] In response,

---

[16] State Rec. Vol. IV of V, Uniform Application for Post-Conviction Relief (Sept. 21, 2011).

[17] State Rec. Vol. IV of V, Trial Court Order (Sept. 27, 2011).

[18] *State v. Holts*, 11-1869 (La. App. 1 Cir. 12/19/11). State Rec., Vol. V of V.

[19] *State ex rel. Holts v. State*, 12-170 (La. 8/22/12 ); 97 So. 3d 363. State Rec., Vol. V of V.

[20] Rec. Doc. 1.

[21] *Id*. at 21–27.

[22] *Id*. at 23–34.

[23] *Id*. at 21, 54–55.

[24] *Id*. at 34.

[25] *Id*. at 34–35.

[26] *Id*. at 55.

[27] *Id*. at 56–58.

the State argued that Petitioner's claims were without merit.[28] On April 2, 2013, Petitioner filed a "Traverse to the State's Answer,"[29] and on April 22, 2013, Petitioner filed a "Traverse to District Attorney."[30]

**B. Report and Recommendation Findings**

On September 27, 2013, the Magistrate Judge recommended that the petition be dismissed with prejudice.[31] First, the Magistrate Judge determined that the action was timely, and Petitioner had exhausted his state court remedies.[32] Next, she examined Petitioner's ineffective assistance of counsel claims.[33]

The Magistrate Judge noted that Petitioner's ineffective assistance of counsel claims appeared to be based upon "alleged discrepancies between the testimony and statements provided by both the victim and Amy Evers and the affidavits by Officers Scott Daussin and Stacey Callender."[34] Petitioner pointed to the following discrepancies: (1) at trial Amy Evers testified that she never spoke to Petitioner about him having sex with the victim but in Officer Daussin's affidavit he attested that Petitioner asked Amy Evers "if her friend would . . . mind having sex;" and (2) at trial Amy Evers testified when she entered the living room she saw Petitioner stand up holding his pants in front of him but Officer Callender's affidavit indicates that "Evers walked into the living

---

[28] Rec. Doc. 11.

[29] Rec. Doc. 13.

[30] Rec. Doc. 14.

[31] Rec. Doc. 15 at 18.

[32] *Id.* at 7.

[33] *Id.* at 9–12.

[34] *Id.* at 9.

4

[room] and observed Holts on top of [the victim] strangling her and heard him state, 'I will kill you.'"[35] The Magistrate Judge found any contradictions between Evers's testimony and the officers' affidavits were insignificant.[36] She opined that counsel could not be ineffective for failing to pursue a futile course of action.[37] She noted that the search warrant sought obvious evidence like a DNA sample and Petitioner's clothing for comparison with forensic evidence obtained from the victim.[38] She opined that "[c]lothing is subject to seizure on arrest under any circumstances," and there was a complaining witness whose claim needed to be addressed.[39] Finally, the Magistrate Judge found that Petitioner "sets forth no discernable prejudice regarding the withdrawal of the motion for preliminary hearing or the failure to utilize testimony from that proceeding for impeachment purposes at trial."[40]

Addressing the ineffective assistance of appellate counsel claims, the Magistrate Judge noted that Petitioner argued "appellate counsel was ineffective in challenging the voluntariness of his statement to police since the State did not introduce [Petitioner's] statement at trial."[41] She noted that the Louisiana First Circuit observed that the issue was moot.[42] She found that Petitioner made no showing of prejudice.[43] Addressing Petitioner's claim that counsel was ineffective in failing to raise

---

[35] *Id.* at 13–14.

[36] *Id.* at 14.

[37] *Id.* (citing *Lindsey v. Cain*, 267 F. App'x 374, *1 (5th Cir. 2008)).

[38] *Id.*

[39] *Id.*

[40] *Id.* at 15.

[41] *Id.*

[42] *Id.*

[43] *Id.*

on appeal the argument that he was deprived of counsel during his interrogation, the Magistrate Judge noted that the Louisiana First Circuit did address this argument, finding it was without merit.[44] The Magistrate Judge found "the fact that counsel's efforts failed to persuade the appellate court, does not render counsel's performance ineffective in the Sixth Amendment sense."[45] Finally, the Magistrate Judge rejected Petitioner's argument that appellate counsel was ineffective in failing to object to the victim's statement that Petitioner had threatened to kill her.[46] Petitioner argued that the victim's testimony was uncorroborated, but the Magistrate Judge found the fact that the testimony was uncorroborated did not make it inadmissible.[47] The Magistrate Judge found that appellate counsel's performance was not deficient because there was no viable basis for objecting to the victim's testimony.[48]

## II. Objections

### A. Petitioner's Objections

Petitioner timely filed his objections to the Magistrate Judge's Report and Recommendation on October 15, 2013.[49] He "requests that the [Court] review of the recorded statement between Detective Stacey Callender and Mr. Holts, the evening of November 13, 2008."[50] He "submits that there are indirect reference [sic] of the interrogation, as Detective Callender asked if Mr. Holts

---

[44] *Id.*

[45] *Id.* at 16.

[46] *Id.* at 16–17.

[47] *Id.* at 17.

[48] *Id.* at 17–18.

[49] Rec. Doc. 16.

[50] *Id.* at 5.

threatened or had a weapon."[51] He contends that the defense presented a Motion to Introduce Evidence of the victim's past sexual behavior, which he argues was improperly denied by the trial court.[52] He asserts that a DNA report supports a finding that the victim engaged in consensual sex, and his trial counsel was ineffective for failing to make such an argument.[53] He argues that the evidence was insufficient to support his conviction because no reasonable trier of fact could have believed the victim's testimony.[54] He asserts that his trial counsel "failed to object that [the victim] had not testified as to having sexual intercourse and that the prosecutor submitted the panties that had the presents [sic] of sperm cell."[55] He argues that "Counsel had failed to request La R.S. 14:15 to crime that require proof of specific intent."[56] He cites Louisiana Code of Evidence article 412, arguing that it prohibits the introduction of evidence of the victim's past sexual behavior, with certain limited exceptions.[57] He requests an evidentiary hearing, arguing it is necessary because "his conviction and sentence is unconstitutional because confrontation and the unfair trial."[58]

On June 23, 2014, Petitioner filed an untimely "Supplement to Objections to the Proposed Findings."[59] He contends that Detective Stacey Callender signed the affidavits to obtain an arrest

---

[51] Id.

[52] Id.

[53] Id. at 6.

[54] Id. at 7–10.

[55] Id. at 10.

[56] Id. Louisiana Revised Statute 14:15 provides: "The fact of an intoxicated or drugged condition of the offender at the time of the commission of the crime is immaterial, except . . . [w]here the circumstances indicate that an intoxicated or drugged condition has precluded the presence of a specific criminal intent or of specific knowledge required in a particular crime, this fact constitutes a defense to a prosecution for that crime."

[57] Id. at 11–12.

[58] Id. at 13.

[59] Rec. Doc. 17.

warrant and a search warrant based on statements obtained by Officer Scott Daussin at the scene of the crime.[60] He cites *Davis v. Washington*[61] and *United States v. Bagley*.[62] He argues:

> [T]hat Detective Stacey Callender or Officer G. Cox could not resolve the present emergency, rather to only learn what happened in the past. At the scene is where the victim . . . the witness had talked with Officer Daussin as each one told there [sic] side in each other's presense [sic] because Detective Callender agreed to have spoke with the witness is where Mr. Holts is being denied because of the courts [sic] combining the report of Officer Scott Daussin and Detective Callender, Ms. Evers testimony at trial was that she had been presented as Ms. Brashear explained her story.[63]

### B. State's Response

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filings on October 15, 2013 and June 23, 2014.

### III. Standard of Review

### A. Review of the Magistrate Judge's Report and Recommendation

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[64] The District Judge must "determine *de*

---

[60] *Id*. at 3.

[61] 547 U.S. 813 (2006). In *Davis v. Washington*, the Supreme Court held that the introduction of hearsay statements made during a 911 call does not violate the Confrontation Clause because such statements are not "testimonial" in nature. *Id*. at 822. Here, Petitioner makes no Confrontation Clause argument, and he has failed to explain how the Supreme Court's holding in *Davis v. Washington* applies to his claims.

[62] 473 U.S. 667 (1985). In *United States v. Bagley*, the Supreme Court held that the Government's failure to assist the defense by disclosing information that might have been helpful in conducting cross-examination amounts to constitutional violation only if it deprives the defendant of fair trial. *Id*. at 678. Here, Petitioner does not argue that the State failed to disclose evidence that would have been beneficial to his defense, and he has failed to explain how the Supreme Court's holding in *United States v. Bagley* applies to his claims.

[63] Rec. Doc. 17 at 4.

[64] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

*novo* any part of the [Report and Recommendation] that has been properly objected to." A District Court's review is limited to plain error of parts of the report which are not properly objected to.[65]

**B. Standard of Review Under the AEDPA**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the power of federal courts to grant Writs of *Habeas Corpus* in cases where a state court has adjudicated the petitioner's claim on the merits.[66]

Under 28 U.S.C. § 2254(d)(1), a federal court must defer to the state court's decision as to questions of law and mixed questions of law and fact unless it "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court."[67] The Supreme Court has made a distinction between the application of the "contrary to" and "unreasonable application" clauses.[68] A federal *habeas* court may issue the writ under the "contrary to" clause if the state court applies a rule in a way that is inconsistent with governing law and Supreme Court precedent on identical facts; a federal *habeas* court may issue the writ under the "unreasonable application" clause if the state court unreasonably applies the governing law to the facts of the case.[69]

Under 28 U.S.C. § 2254(d)(2), factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable

---

[65] *See Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[66] *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

[67] 28 U.S.C. §2254(d)(1).

[68] *See Bell v. Cone*, 535 U.S. 685, 694 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 403-404, (2000)).

[69] *Id.*

determination of the facts in light of the evidence presented in the state court proceeding."[70]

## IV. Law and Analysis

### A. Issues Raised for the First Time in Petitioner's Objections to the Report and Recommendation

Preliminarily, the Court notes that Petitioner's objections to the Report and Recommendation are difficult to decipher. In his objections to the Report and Recommendation, Petitioner raises several issues that were not raised in his petition: (1) the trial court improperly denied a Motion to Introduce Evidence of the victim's past sexual behavior; (2) the evidence was insufficient to support his conviction because no reasonable trier of fact could have believed the victim's testimony; (3) his trial counsel was ineffective for failing to argue that a DNA report supports a finding that the victim engaged in consensual sex; and (4) his trial counsel failed to raise a defense under Louisiana Revised Statute 14:15.

The Fifth Circuit has noted the failure to present arguments to the Magistrate Judge can constitute a waiver of such argument.[71] However, the Fifth Circuit has also held that a "district court may construe an issue raised for the first time in an objection to a magistrate judge's report and recommendation as a motion to amend complaint."[72] Here, Petitioner has presented the Court with no reason for his failure to raise these issues in his initial petition. Further, it appears that these

---

[70] 28 U.S.C. §2254(d)(2); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

[71] *See*, *e.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 n. 5 (5th Cir. 1994). (citing *Paterson–Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990–91 (1st Cir. 1988) (explaining that a party "has a duty to put its best foot forward" before the Magistrate Judge-i.e., "to spell out its arguments squarely and distinctly"—and, accordingly, that a party's entitlement to de novo review before the district court upon filing objections to the Report and Recommendation of the Magistrate Judge does not entitle it to raise issues at that stage that were not adequately presented to the Magistrate Judge)).

[72] *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1994).

claims are not exhausted because Petitioner did not raise them in state court.[73] Nevertheless, the Court will address these claims; for the reasons discussed below, the Court finds them without merit.[74]

### B.  Denial of Motion to Introduce Evidence of the Victim's Past Sexual Behavior

For the first time in his objections to the Magistrate Judge's Report and Recommendation, Petitioner argues that the trial court improperly denied a Motion to Introduce Evidence of the victim's past sexual behavior. He cites Louisiana Code of Evidence article 412, arguing that it prohibits the introduction of evidence of the victim's past sexual behavior, with certain limited exceptions. Louisiana Code of Evidence article 412 provides in pertinent part:

> When an accused is charged with a crime involving sexually assaultive behavior, evidence of specific instances of the victim's past sexual behavior is also not admissible except for:
>
>> (a)  Evidence of past sexual behavior with persons other than the accused, upon the issue of whether or not the accused was the source of semen or injury; provided that such evidence is limited to a period not to exceed seventy-two hours prior to the time of the offense, and further provided that the jury be instructed at the time and in its final charge regarding the limited purpose for which the evidence is admitted; or
>>
>> (b)  Evidence of past sexual behavior with the accused offered by the accused upon the issue of whether or not the victim consented to the sexually assaultive behavior.

Federal courts do not "grant habeas relief for errors in a trial court's evidentiary rulings

---

[73] *See Whitehead v. Johnson*, 157 F.3d 384, 397 (5th Cir. 1998) ("A fundamental prerequisite for federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief).

[74] *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus  may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

unless those errors resulted in a denial of fundamental fairness under the Due Process Clause."[75] At trial, the court allowed Tara Brown, a forensic DNA analyst, to testify regarding the presence of epithelial cells and sperm cell fractions on the samples obtained from the victim's vaginal and rectal swabs.[76] Brown testified that some of those samples were a match to Petitioner, but there were other samples that came from another unknown male donor.[77] Petitioner's defense counsel indicated that he filed the Motion to Introduce Evidence of the victim's prior sexual behavior as a precaution because he planned on eliciting questions regarding the presence of an unknown male donor's DNA in the DNA evidence.[78] The trial court allowed defense counsel to present this evidence. To the extent that Petitioner is arguing that the trial court should have allowed him to present additional evidence of the victim's prior sexual behavior, Petitioner has made no argument as to what that evidence would be or how any denial prejudiced him. Accordingly, the Court finds that Petitioner has not shown that the trial court's ruling was improper or resulted in a denial of fundamental fairness under the Due Process Clause.

## C. Sufficiency of the Evidence

For the first time in his objections to the Magistrate Judge's Report and Recommendation, Petitioner argues that the evidence was insufficient to support his conviction because no reasonable trier of fact could have believed the victim's testimony.

In *Jackson v. Virginia*, the Supreme Court held that a state prisoner is entitled to habeas

---

[75] *Neal v. Cain*, 141 F.3d 207, 214 (5th Cir. 1998) (internal citations and quotation marks omitted).

[76] State Rec. Vol. III of V, Trial Transcript at 522–23, 550–53.

[77] *Id*.

[78] *Id*. at 421.

corpus relief if a federal judge finds that "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."[79] Under *Jackson*, the Court must determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[80] This Court must examine the evidence in the light most favorable to the prosecution.[81] To determine whether a conviction is supported by the record, the Court must review the substantive elements of the criminal offense as defined by state law.[82] This Court must examine the record as a whole, and only consider evidence that was presented at trial.[83]

In federal habeas corpus proceedings, courts must respect the fact finder's ability to evaluate witness credibility.[84] In *Jackson*, the Court reasoned that it is the jury's responsibility "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."[85] This Court cannot substitute its interpretation of a witness's credibility in place of the fact-finder.[86] An insufficiency of evidence claim presents a mixed question of fact and law.[87] This Court must examine whether the state court's denial of relief was contrary to or an

---

[79] *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

[80] *Id.* at 319 (emphasis added) (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)).

[81] *Id.*

[82] *Id.* at n. 16.

[83] *Id. at 324*

[84] *Knox v. Bulter*, 884 F.2d 849, 851–52 (5th Cir. 1989).

[85] *Jackson*, 443 U.S. at 319.

[86] *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985).

[87] *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008).

unreasonable application of Supreme Court precedent or federal law.[88]

Here, Petitioner was convicted of forcible rape under Louisiana Revised Statute § 14:42.1, which provides in penitent part:

> A. Forcible rape is rape committed when the anal, oral, or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following circumstances:
>
> (1) When the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape. . .[89]

In the instant case, the insufficient evidence claim raised by Petitioner essentially relates to credibility— whether the jury should have given weight to the victim's testimony. At trial, the victim testified that she was raped by Petitioner.[90] She also testified that during the attack Petitioner put his hands around her neck, covered her mouth and told her he would kill her.[91] The witness, Amy Evers, testified that when she heard the victim "try to scream," she ran into the room and found Petitioner with his pants off. The testimony of the victim in this case provides ample basis for a rational finder of fact to conclude beyond a reasonable doubt that Petitioner committed forcible rape. The jury is free to find the victim's testimony trustworthy or not. The jury can gauge the sincerity of the witness and any insufficiencies that may develop during testimony. Given all of the evidence presented at trial and her testimony, the jury found the victim to be a credible witness. It was not unreasonable for the jury to give substantial weight to the victim's testimony. It is the jury's

---

[88] *Hill*, 210 F.3d at 485.

[89] LA. REV. STAT. § 14:42.1.

[90] State Rec. Vol. III of V, Trial Transcript at 599.

[91] *Id*. at 599.

exclusive role to evaluate and weight witness testimony. A rational trier of fact could have found the essential elements of forcible rape exist beyond a reasonable doubt under Louisiana law. Therefore, the Court finds Petitioner's sufficiency of the evidence claim without merit.

### D. Ineffective Assistance of Trial Counsel

In his petition, Petitioner argued his trial counsel was ineffective because he: (1) failed to amend the motion to suppress evidence; (2) failed to assert that the affidavit resulting in a search warrant was false or misleading; (3) failed to challenge the accuracy of the testimony of the victim/witnesses; (4) withdrew the motion for preliminary hearing; and (5) failed to use testimony from the Preliminary hearing to impeach the testimony of the victim and witnesses. For the first time in his objections to the Magistrate Judge's Report and Recommendation, Petitioner also argues that his trial counsel was ineffective because he: (1) failed to argue that the DNA report supports a finding that the victim engaged in consensual sex; and (2) failed to argue for the application of Louisiana Revised Statute 14:15.

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[92] If a court finds that a petitioner fails on either of these two prongs it may dispose of the ineffective assistance claim without addressing the other prong.[93]

To satisfy the deficient performance prong, a petitioner must overcome a strong presumption

---

[92] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[93] *Id.* at 697.

that the counsel's conduct falls within a wide range of reasonable representation.[94] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[95] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[96]

To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[97] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[98] As courts determine whether this prong is satisfied, they must consider "the relative role that the alleged trial errors played in the total context of [the] trial."[99]

*i. Withdrawal of Motion for Preliminary Hearing*

The Magistrate Judge found that Petitioner failed to establish prejudice with respect to his claims related to withdrawal of the motion for preliminary hearing and the failure to utilize testimony from that proceeding for impeachment purposes. She found that Petitioner did not show any discernable prejudice regarding those claims. Petitioner does not object to this finding. Accordingly, reviewing for plain error and finding none, the Court finds these claims without merit.

---

[94] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Matheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[95] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[96] *See Strickland*, 466 U.S. at 689.

[97] *Id*. at 694.

[98] *Id*.

[99] *Crockett*, 796 F.2d at 793.

*ii. Claims Related to Discrepancies Between the Testimony of the Victim and the Affidavits*

Petitioner's claims that his trial counsel failed to amend the motion to suppress evidence, failed to assert that the affidavit resulting in a search warrant was false or misleading and failed to challenge the accuracy of the testimony of the victim/witnesses. All of these claims relate to alleged discrepancies between the testimony and statements provided by both the victim and Amy Evers and the affidavits by Officers Scott Daussin and Stacey Callender.

The fact that a search warrant affidavit contains inaccurate information does not render the warrant invalid or require the suppression of the evidence obtained in the search. As the United States Fifth Circuit Court of Appeals has explained:

> Ordinarily, evidence obtained from a search is admissible where probable cause for a search warrant is founded on inaccurate information, so long as the officer's reliance on the warrant is objectively reasonable. One exception to this rule is where the affidavit that supports the warrant contains material false statements or omissions. A misstatement can vitiate an affidavit only where the misrepresentations are the product of deliberate falsehood or of reckless disregard for the truth. The court must then consider whether the remaining portion of the affidavit is sufficient to support a finding of probable cause. After omitting all intentional or reckless falsehoods, the issue is whether the affidavit contains facts from which the magistrate could make an informed and independent judgment as to whether probable cause existed and whether there was a substantial basis for his determination that probable cause did exist.[100]

Petitioner pointed to the following discrepancies between the trial testimony and the affidavits: (1) at trial Amy Evers testified that she never spoke to Petitioner about him having sex with the victim but in Officer Daussin's affidavit he attested that Petitioner asked Amy Evers "if her friend would . . . mind having sex;" and (2) at trial Amy Evers testified when she entered the living room she saw Petitioner standing up holding his pants in front of him but  Officer Callender's affidavit indicates

---

[100] *Moreno v. Dretke*, 450 F.3d 158, 169 (5th Cir. 2006) (citations omitted).

17

that "Evers walked into the living [room] and observed Holts on top of [the victim] strangling her and heard him state, 'I will kill you.'" However, there is no evidence that these errors were a deliberate falsehood or were made in reckless disregard for the truth.

Further, the affidavits contained statements that were accurate when compared to the trial testimony. Officer Daussin's affidavit states that the witness observed Petitioner "after hearing the victim call out for help, getting off of the victim and being partially clothed from the waist up."[101] Officer Callender's affidavit also includes statements made by the victim regarding the attack that appear accurate when compared to the victim's trial testimony.[102] These statements alone were sufficient for the judicial officer to make an informed and independent judgment as to whether probable cause existed. Accordingly, there is no reasonable probability that the evidence would have been suppressed and a different verdict would have resulted even if counsel had challenged the search warrant. Therefore, no prejudice resulted from defense counsel's failure to move to suppress the evidence, his failure to assert that the affidavit resulting in a search warrant was false or misleading or his failure to challenge the accuracy of the testimony of the victim/witnesses as to discrepancies between their testimony and the police officers' affidavits. Considering the weight of the evidence against him, Petitioner has not shown that the result of the trial would have been different if counsel had asserted an objection to the allegedly false statements. Accordingly, upon *de novo* review and under the deferential standards of review mandated by the AEDPA, the Court finds Petitioner's claim without merit.

---

[101] State Rec. Vol. IV of V, Affidavit of Deputy Scott Daussin.

[102] State Rec. Vol. IV of V, Affidavit of Detective Stacey Callender.

### iii. Failure to Argue that the Victim Engaged in Consensual Sex

For the first time in his objections to the Magistrate Judge's Report and Recommendation Petitioner asserts that his counsel was ineffective for failing to argue that the DNA evidence established that the victim engaged in consensual sex on the day of the crime. As discussed above, at trial Tara Brown, a forensic DNA analyst, testified regarding the presence of epithelial cells and sperm cell fractions on the samples obtained from the victim's vaginal and rectal swabs.[103] Brown testified that some of those samples were a match to Petitioner, but there were other samples that came from another unknown male donor.[104] The Court finds Petitioner's claim without merit because counsel did question Brown regarding this evidence. To the extent that Petitioner is arguing that his counsel should have elicited testimony from the victim regarding the consensual sex, Petitioner has not shown how such testimony would have benefitted his defense. Accordingly, the Court finds that Petitioner has failed to establish that his counsel's performance was deficient or that he was prejudiced by his counsel's failure to elicit such testimony. Therefore, the Court finds Petitioner's claim without merit.

### iv. Failure to Raise Louisiana Revised Statute 14:15

For the  first time in his objections to the Magistrate Judge's Report and Recommendation, Petitioner argues that his counsel should have raised Louisiana Revised Statute 14:15 because the crime required proof of specific intent. Louisiana Revised Statute 14:15 provides: "The fact of an intoxicated or drugged condition of the offender at the time of the commission of the crime is immaterial, except . . . [w]here the circumstances indicate that an intoxicated or drugged condition

---

[103] State Rec. Vol. III of V, Trial Transcript at 522–23, 550–53.

[104] *Id.*

has precluded the presence of a specific criminal intent or of specific knowledge required in a particular crime, this fact constitutes a defense to a prosecution for that crime." Petitioner has provided no evidence showing that he was intoxicated or drugged at the time of the commission of the crime. Accordingly, the Court finds that Petitioner has failed to establish that his counsel's performance was deficient or that he was prejudiced by his counsel's failure to make such an argument. Therefore, the Court finds Petitioner's claim without merit.

### E. Ineffective Assistance of Appellate Counsel

In his petition, Petitioner argued that his appellate counsel was ineffective for: (1) raising a moot issue on appeal; (2) failing to raise the issue that trial counsel failed to object to the victim's testimony that Petitioner told her he would kill her; and (3) failing to raise the issue that Petitioner was denied his right to counsel during police interrogations. Petitioner does not appear to object to the Magistrate Judge's finding that his ineffective assistance of appellate counsel claims are without merit. Accordingly, the Court will review the Magistrate Judge's findings on these claims for plain error.

Similar to claims alleging ineffective trial counsel, claims asserting ineffective appellate counsel are also analyzed using the two-part *Strickland* analysis. Under *Strickland*, Petitioner must demonstrate: (1) that "counsel's representation fell below an objective standard of reasonableness;" and (2) there was a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different."[105] Petitioner must demonstrate that the appellate court would have vacated or reversed the trial court judgment based on the alleged error.[106]

---

[105] *Strickland*, 466 U.S. at 687–88, 694. *See also Kimler*, 167 F.3d at 893.

[106] *Briseno v. Cockrell*, 274 F.3d 204, 210 (5th Cir. 2001).

On appeal, Petitioner's appellate counsel raised the issue that the trial court improperly denied a motion to suppress Petitioner's statement to the police. The Louisiana First Circuit found that this issue was moot because the State did not introduce Petitioner's statement at trial. The Magistrate Judge found that appellate counsel was not ineffective for raising this issue and that Petitioner made no showing of prejudice. The Magistrate Judge also found Petitioner's claim that appellate counsel was ineffective in failing to raise the argument that he was deprived of counsel during his interrogation without merit because appellate counsel did raise the issue on appeal. Finally, the Magistrate Judge rejected Petitioner's argument that appellate counsel was ineffective in failing to object to the victim's statement that Petitioner had threatened to kill her. Petitioner argued that the victim's testimony was uncorroborated, but the Magistrate Judge found the fact that the testimony was uncorroborated did not make it inadmissible. The Magistrate Judge found that appellate counsel's performance was not deficient because there was no viable basis for objecting to the victim's testimony. Reviewing for plain error, and finding none, the Court finds Petitioner's ineffective assistance of appellate counsel claims without merit.

### V. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation, and Petitioner James Bernard Holts's petition for issuance of a Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254, is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this  29th day of December, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

22